1  Stephen M. Doniger, Esq. (SBN 179314)
   Email: Stephen@DonigerLawFirm.com
2  Scott A. Burroughs, Esq. (SBN 235718)
   Email: Scott@DonigerLawFirm.com
3  DONIGER / BURROUGHS APC
4  300 Corporate Pointe, Suite 355
5  Culver City, California  90230
   Telephone: (310) 590-1820
6  Facsimile:  (310) 417-3538

7
   Attorneys for Plaintiff
8
               UNITED STATES DISTRICT COURT
9
              CENTRAL DISTRICT OF CALIFORNIA
10



11  UNITED FABRICS INTERNATIONAL,   Case No.:
12  INC., a California Corporation,

    CV11 - 02542 DDP (RZx)

13  Plaintiff,                       PLAINTIFF'S COMPLAINT FOR:

14  vs.                              1.  COPYRIGHT INFRINGEMENT;

15  NY3 INTERNATIONAL, LLC, a New    2.  VICARIOUS AND/OR
16  York Limited Liability Company,      CONTRIBUTORY COPYRIGHT
    individually and doing business as   INFRINGEMENT
17  "RUSSELL KEMP"; SANTE, INC., a
18  California Corporation; ROSS STORES,  3.  VIOLATION OF 17 U.S.C. §
    INC., a California Corporation; and      106(2); and
19  DOES 1-10,
20                                   4.  BREACH OF CONTRACT
21  Defendants.
                                     Jury Trial Demanded
22

23       Plaintiff, UNITED FABRICS INTERNATIONAL, INC. (hereinafter "UFI" or

24  "Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable

25  Court for relief based on the following:

26                          **INTRODUCTION**

27
                                    1
28                               COMMPLAINT

Plaintiff creates and obtains rights to unique two-dimensional graphic artworks for use on textiles, which textiles are transacted primarily in the fashion industry. Plaintiff owns these designs in exclusivity and makes sales of products bearing these designs for profit. Plaintiff's business is predicated on its ownership of these designs and it spends a considerable amount of time and resources creating and obtaining top-quality, marketable and aesthetically-appealing designs. Ongoing and potential customers of Plaintiff obtain design samples from the company with the understanding and agreement that they will only utilize UFI to reproduce said designs should they wish to do so, and will not seek to print the designs elsewhere, or make minor changes to Plaintiff's proprietary work to reproduce the same elsewhere. Despite this agreement, and UFI's exclusive ownership of the copyrights in its designs, parties will still exploit and print UFI's exclusive designs through third parties domestically and abroad. The defendants in this case have imported, purchased and sold without permission product bearing Plaintiff's proprietary, registered textile designs.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff UFI is a corporation organized and existing under the laws of the State of California with its principal place of business in Los Angeles County.

5. Plaintiff is informed and believes and thereon alleges that Defendant NY3 INTERNATIONAL, LLC, individually and doing business as "RUSSELL KEMP" ("KEMP") is a limited liability company organized and existing under the laws of the State of New York and doing business in and with the state of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant ROSS STORES, INC. ("ROSS") is a corporation organized and existing under the laws of the State of California and doing business in and with the state of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant SANTE, INC. ("SANTE") is a California corporation doing business in and with the state of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant DOES 1-5, inclusive, is a manufacturer, and/or a vendor (and/or agent or employee to a manufacturer or vendor) of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying fabrics and other product printed with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

9. Defendants DOES 6 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to

3
COMPLAINT

1   amend this Complaint to show their true names and capacities when same have been

2   ascertained.

3       10. Plaintiff is informed and believes and thereon alleges that at all times

4   relevant hereto each of the Defendants was the agent, affiliate, officer, director,

5   manager, principal, alter-ego, and/or employee of the remaining Defendants and was

6   at all times acting within the scope of such agency, affiliation, alter-ego relationship

7   and/or employment; and actively participated in or subsequently ratified and

8   adopted, or both, each and all of the acts or conduct alleged, with full knowledge of

9   all the facts and circumstances, including, but not limited to, full knowledge of each

10  and every violation of Plaintiff's rights and the damages to Plaintiff proximately

11  caused thereby.

12      11. Plaintiff is informed and believes and thereon alleges that this case resulted

13  from DC's obtainment, modification, and sale of product bearing at least two of

14  UFI's copyrighted textile designs. Plaintiff is informed and believes that DC had

15  knowledge of UFI's ownership of the designs at issue prior to engaging in the

16  aforesaid conduct.

17                          **CLAIMS RELATED TO HAILEY**

18      12. Plaintiff owns a United States Copyright Registration covering a two-

19  dimensional textile design it has internally designated as HAILEY ("Subject Design

20  A"). A true and correct copy of Subject Design A, as well as a registration covering

21  same, is attached hereto as Exhibit 1. This design was offered for sale prior to the

22  acts complained of herein, and is owned exclusively by the Plaintiff.

23      13. Plaintiff is informed and believes and thereon alleges that one or more of

24  the Defendants took access to and received a sample of Subject Design A directly

25  from Plaintiff, or one of its representatives, or an intermediary, prior to the acts

26  alleged herein.

27

28                                  **4**
                                COMPLAINT

14. Plaintiff's investigation revealed that ROSS was purchasing, distributing and selling for profit, garments which bore a textile print that was substantially similar to Subject Design A (hereinafter "Accused Product A"). An exemplar of one such ROSS garment, is attached hereto as Exhibit 2.

15. Upon information and belief, Plaintiff alleges that Accused Product A was provided, distributed, and/or sold to ROSS by SANTE.

16. Upon information and belief, Plaintiff alleges that Accused Product A was provided, distributed, and/or sold to SANTE by a DOE Defendant(s).

17. Prior to the alleged infringement, Plaintiff had formatted Subject Design A for use on textiles, sampled Subject Design A to prospective customers and negotiated sales of fabric bearing Subject Design A.

18. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, purchased, sold, manufactured, caused to be manufactured, imported and/or distributed Accused Product A and/or fabric and/or garments comprised of fabric featuring a design which is identical to, or substantially similar to, Subject Design A.

## CLAIMS RELATED TO GYPSY

19. Plaintiff owns a United States Copyright Registration covering a two-dimensional textile design it has internally designated as GYPSY ("Subject Design B"). A true and correct copy of Subject Design B, as well as a registration covering same, is attached hereto as Exhibit 3. This design was offered for sale prior to the acts complained of herein, and is owned exclusively by the Plaintiff.

20. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants, took access to and received a sample of Subject Design B directly from Plaintiff, or one of its representatives, or an intermediary, prior to the acts alleged herein.

21. Plaintiff's investigation revealed that ROSS was purchasing, distributing and selling for profit, garments which bore a textile print that was substantially similar to Subject Design B (hereinafter "Accused Product B"). An exemplar of one such ROSS garment is attached hereto as Exhibit 4.

22. Upon information and belief, Plaintiff alleges that Accused Product B was provided, distributed, and/or sold to ROSS by KEMP.

23. Upon information and belief, Plaintiff alleges that Accused Product B was provided, distributed, and/or sold to KEMP by a DOE Defendant(s).

24. Prior to the alleged infringement, Plaintiff had formatted Subject Design B for use on textiles, sampled Subject Design B to prospective customers and negotiated sales of fabric bearing Subject Design B.

25. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, purchased, sold, manufactured, caused to be manufactured, imported and/or distributed Accused Product B and/or fabric and/or garments comprised of fabric featuring a design which is identical to, or substantially similar to, Subject Design B.

26. Subject Design A and Subject Design B will be collectively referred to as "Subject Designs." Accused Product A and Accused Product B will be collectively referred to as "Accused Products."

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants)

27. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Designs, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to

6
COMPLAINT

illegally distributed copies of the Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to legitimate UFI fabric in the marketplace; and (d) access to Plaintiff's strike-offs and samples.

29. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailer, and each of them, and supplied garments to said retailer, which garments infringed the Subject Designs in that said garments were composed of fabric which featured an unauthorized print design that was identical or substantially similar to the Subject Designs.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling fabric and/or garments which infringe the Subject Designs through a nationwide network of retail stores and on-line outlets.

31. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

32. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

33. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Designs in an amount to be established at trial.

34. Plaintiff is informed and believes and thereon alleges that the infringement of UFI's copyrighted designs was willful, reckless, and/or in blatant disregard for UFI's rights as a copyright holder, and as such claims willful, exemplary and enhanced statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

35. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

36. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of product featuring the Subject Designs as alleged hereinabove.

37. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

38. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

39. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and

1  indirectly attributable to Defendants' infringement of the Subject Designs, in an

2  amount to be established at trial.

3    40. Plaintiff is informed and believes and thereon alleges that the infringement

4  of UFI's copyrighted designs was willful, reckless, and/or in blatant disregard for

5  UFI's rights as a copyright holder, and as such claims willful, exemplary and

6  enhanced statutory damages.

7  **THIRD CLAIM FOR RELIEF**

8  (For Violation of 17 U.S.C. 106(b) - Against DC)

9    41. Plaintiff repeats, realleges and incorporates herein by reference as though

10  fully set forth the allegations contained in the preceding paragraphs of this

11  Complaint.

12    42. Plaintiff is informed and believes and thereon alleges that Defendant DC

13  obtained an exemplar of both of the Subject Designs, and obtained such exemplars

14  with knowledge that they belonged to Plaintiff and/or that they were copyrighted by

15  Plaintiff or another party.

16    43. Plaintiff is informed and believes and thereon alleges that DC, with the

17  knowledge set forth above, modified, revised, and changed the Subject Designs in

18  subtle ways to create derivative works therefrom. Plaintiff is informed and believes

19  that these derivate works are still substantially similar to the Subject Designs, and

20  contain no additional creative content.

21    44. The above machinations by DC were not authorized or made known to

22  Plaintiff, violated 17 U.S.C. § 106(2), and caused Plaintiff damages in an amount to

23  be determined at trial.

24  **FOURTH CLAIM FOR RELIEF**

25  (For Breach of Contract - Against KEMP)

26

27

28  9<br>COMPLAINT

45.Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

46.Prior to the infringement alleged herein, KEMP took access to, and possession of, fabric and/or samples bearing at least one of the Subject Designs directly from Plaintiff. KEMP received fabric and/or samples the Subject Designs only after expressly agreeing to Plaintiff's contractual restriction that KEMP would seek Plaintiff's authorization before creating any product bearing any of the Subject Designs, and, if it was to create product bearing any of the Subject Designs, it would only do so only through Plaintiff.

47. Plaintiff and KEMP further understood and agreed that KEMP would not advertise, promote, or publish any of the Subject Designs, or fabric or garments bearing any of the Subject Designs, or a derivative thereof, unless the products it was advertising, promoting, or publishing were authorized by Plaintiff, and/or created from fabric for which Plaintiff was paid.

48. KEMP, when receiving Plaintiff's samples and/or fabric bearing the Subject Designs, expressly and impliedly promised to seek authorization from Plaintiff before using any of the Subject Designs in any manner, and promised to pay Plaintiff for the use of the Subject Designs if it chose to use any of them in any way. This promise to pay for use of one of the Subject Designs was discrete from KEMP's promise not to infringe any of the Subject Designs.

49. Plaintiff provided the Subject Designs to KEMP while negotiating a possible purchase by KEMP of Plaintiff's products. When providing the Subject Designs to KEMP, Plaintiff clearly indicated that KEMP was receiving samples of the Subject Designs with the condition that KEMP was to tender to Plaintiff the reasonable value of use of any of the Subject Designs if KEMP was to make use of any of the Subject Designs.

50. Plaintiff and KEMP engaged in the transactions set forth herein, wherein Plaintiff submitted the Subject Designs to KEMP with the understanding and expectation, clearly understood by said parties, that Plaintiff would first authorize, and then be paid for, any use of any of the Subject Designs by KEMP.

51. Plaintiff would not have disclosed the Subject Designs to KEMP without KEMP's agreement to the stipulations and conditions regarding Plaintiff's authorization of, and payment receipt for, any use of the Subject Designs by KEMP.

52. Despite this knowledge and understanding, KEMP created or had created, product bearing one or more of the Subject Designs, or a derivation thereof, and published, advertised, sold, and promoted such products. In doing so, KEMP failed to seek Plaintiff's authorization before using the Subject Designs, and failed to pay Plaintiff for use of the Subject Designs, in violation of the parties' express and implied agreements as to same.

53. Due to the above, Plaintiff has suffered general and special damages, in an amount to be established at trial.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### ***Against All Defendants***

1. <u>With Respect to Each Claim for Relief</u>

    a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Designs;

    b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded additional, enhanced, and elevated damages given the reckless and willful nature of the acts alleged;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

e. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foKEMPing acts of infringement;

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action;

h. That Plaintiff be awarded general and special damages; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: March 24, 2011                  By: _____
                                       Scott A. Burroughs, Esq.
                                       DONIGER / BURROUGHS
                                       Attorneys for Plaintiff

# EXHIBIT 1



# Certificate of Registratic



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

SEP 2 8 2007

REGIT  **VAu 751 — 468**

EFFE

| Month | Day | Year |
|---|---|---|
| 7 | 80 | 07 |

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

**Title of This Work ▼**

2007 GEOMETRIC COLLECTION XIII

**NATURE OF THIS WORK ▼** See Instructions

**Previous or Alternative Titles ▼**

A012, A013, A010, A011, 8073, G117, G125, G171, G146, G179, G169, 0062, G164, 8065, D073, 8063, D065, D068

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼      Number ▼      Issue Date ▼      On Pages ▼

## 2

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NAME OF AUTHOR ▼**

UNITED FABRICS INTERNATIONAL INC.

**DATES OF BIRTH AND DEATH**
Year Born ▼      Year Died ▼

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of _____
Domiciled in  USA _____

**Was This Author's Contribution to the Work**
Anonymous?  ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**Nature of Authorship** Check appropriate box(es) See Instructions
☐ 3-Dimensional sculpture      ☐ Map                    ☐ Technical drawing
☑ 2-Dimensional artwork        ☐ Photograph             ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design         ☐ Architectural work

**b**

**Name of Author ▼**

**Dates of Birth and Death**
Year Born ▼      Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR { Citizen of _____
Domiciled in _____

**Was This Author's Contribution to the Work**
Anonymous?  ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**Nature of Authorship** Check appropriate box(es) See Instructions
☐ 3-Dimensional sculpture      ☐ Map                    ☐ Technical drawing
☐ 2-Dimensional artwork        ☐ Photograph             ☐ Text
☐ Reproduction of work of art  ☐ Jewelry design         ☐ Architectural work

## 3

**a** **Year in Which Creation of This Work Was Completed**
2007
This information must be given Year in all cases.

**b** **Date and Nation of First Publication of This Particular Work**
Complete this information Month _____ Day _____ Year _____
ONLY if this work has been published.
Nation _____

## 4

See Instructions before completing this space.

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

UNITED FABRICS INTERNATIONAL, INC. ATTN: SHAR SIMANTOB
1723 SOUTH CENTRAL AVE. LOS ANGELES, CA 90021

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
SEP 30 2007
ONE DEPOSIT RECEIVED
SEP 30 2007
TWO DEPOSITS RECEIVED

FUNDS RECEIVED

---

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.      • Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of _____ pages

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**5** **PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes   ☐ No   If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼   2006-2007

**6** **DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼
ATMOSPHERE-ADBA700148, BLU STUDIO-NICE600265/BET06D151/FV00700120, RED STUDIO-NBET600612, CONTROMODA-CEA0601185, STUDIO33-SCO0700016, NEW AGE-ABB0700067.
b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼
ADAPTATION OF DESIGN AND ADDITIONAL ARTISTIC WORK

**7** **DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
a. Name ▼          Account Number ▼

b. **CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼
UNITED FABRICS INTERNATIONAL, INC. ATTN: SHAR SIMANTOB
1723 SOUTH CENTRAL AVE. LOS ANGELES, CA 90021
Area code and daytime telephone number   ( 213 )  749-8200          Fax number   ( 213 )  749-8300
Email

**8** **CERTIFICATION*** I, the undersigned, hereby certify that I am the
check only one ▼
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☐ authorized agent of   UNITED FABRICS INTL INC.
   Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.
Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
SHAR SIMANTOB          Date   JUL 2 6 2007

Handwritten signature (X) ▼

**9** Certificate will be mailed in window envelope to this address:
Name ▼
UNITED FABRICS INTERNATIONAL, INC. ATTN: SHAR SIMANTOB
Number/Street/Apt ▼
1723 SOUTH CENTRAL AVE.
City/State/ZIP ▼
LOS ANGELES, CA

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

# EXHIBIT 2



2



# EXHIBIT 3



3

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

OCT 2 2 2009

Registration Number:
**VA 1-684-912**

Effective date of registration:
October 12, 2009

## Title

**Title of Work:** 2006 ETHNIC COLLECTION XI

**Contents Titles:** E079-HAILEY

## Completion/ Publication

**Year of Completion:** 2006

**Date of 1st Publication:** September 7, 2006     **Nation of 1st Publication:** United States

## Author

**Author:** UNITED FABRICS INTERNATIONAL, INC.

**Author Created:** 2-D artwork

**Work made for hire:** Yes

**Citizen of:** United States     **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** UNITED FABRICS INTERNATIONAL, INC.

1723 SOUTH CENTRAL AVE., LOS ANGELES, CA, 90021, United States

## Limitation of copyright claim

**Material excluded from this claim:** 2-D artwork, 2006 GEO-FLORAL COLLECTION I CONTRO MODA DESIGN# CL00500304

**Previous registration and year:** VAu700-341     2006

**New material included in claim:** adaptaion of design and additional artistic work

## Rights and Permissions

**Organization Name:** UNITED FABRICS INTERNATIONAL, INC.

**Name:** SHAHARIAR SHAR SIMANTOB

**Email:** shar@unitedfabric.com     **Telephone:** 213-749-8200

**Address:** 1723 SOUTH CENTRAL AVE.

LOS ANGELES, CA 90021  United States

Page 1 of 2

3

**Certification**

Name: SHAHARIAR SHAR SIMANTOB
Date: October 12, 2009

3

# EXHIBIT 4

4

Stephen M. Doniger, Esq. (SBN 179314)
Scott A. Burroughs, Esq. (SBN 235718)
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FABRICS INTERNATIONAL, INC., a California Corporation<br><br>PLAINTIFF(S)<br><br>v.<br><br>NY3 INTERNATIONAL, LLC, a New York Limited Liability Company, individually and doing business as "RUSSELL KEMP" (See Attached "Schedule A")<br>DEFENDANT(S). | CASE NUMBER<br><br>**CV11-02542** DDP(RZx)<br><br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney,  Scott A. Burroughs, Esq. SBN 235718 , whose address is  DONIGER / BURROUGHS APC 300 Corporate Pointe, Ste. 355 Culver City, CA 90230 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

MAR 2 5 2011

Clerk, U.S. District Court

Dated: _____

By: _____

JULIE PRADO

Deputy Clerk

SEAL

*(Seal of the Court)*

---

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

# "SCHEDULE A"

UNITED FABRICS INTERNATIONAL, INC., a California Corporation,

Plaintiff,

v.

NY3 INTERNATIONAL, LLC, a New York Limited Liability Company, individually and doing business as "RUSSELL KEMP"; SANTE, INC., a California Corporation; ROSS STORES, INC., a California Corporation; and DOES 1-10,

Defendants.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV11- 2542 DDP  (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>UNITED FABRICS INTERNATIONAL, INC., a California Corporation | DEFENDANTS<br>NY3 INTERNATIONAL, LLC, a New York Limited Liability Company,<br>individually and doing business as "RUSSELL KEMP"; et al. |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Scott A. Burroughs, Esq. (SBN 235718) scott@donigerlawfirm.com<br>DONIGER / BURROUGHS APC 300 Corporate Pointe, Suite 355<br>Culver City, California 90230 (310) 590-1820 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No          ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☑ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV11-02542

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| UNITED FABRICS INTERNATIONAL, INC. - Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| SANTE, INC. - Los Angeles, California<br>ROSS STORES, INC. - Alameda, California | NY3 INTERNATIONAL, LLC "RUSSELL KEMP" - New York |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date  03/25/2011

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |